IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS SIMEK, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:12-cv-2882 |
| MIDLAND CREDIT MANAGEMENT, INC., | ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, THOMAS SIMEK, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, MIDLAND CREDIT MANAGEMENT, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Willoughby, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Kansas, which is licensed to do business in Ohio and which has its principal place of business in San Diego, California.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about January 16, 2012 in attempts to collect the aforementioned alleged debt.

9. Defendant's initial correspondence with Plaintiff contained a threat to send Plaintiff's account to an attorney and pursue litigation if the alleged debt was not paid by March 1, 2012. Defendant's letter did not state that collection of the alleged debt would stop if Plaintiff requested verification of the alleged debt. A copy of said letter is attached hereto and incorporated herein by reference as Exhibit 1.

10. On or about February 8, 2012, and again on August 14, 2012, Plaintiff mailed Defendant a letter disputing and requesting validation of the alleged debt. A copy of the August letter is attached hereto and incorporated herein as Plaintiff's Exhibit 2.

11. On or about February 28, 2012, Plaintiff received a letter from Defendant, indicating that an investigation into Plaintiff's request had been initiated, but provided no verification and/or validation of the alleged debt, and further stated "this is an attempt to collect a debt." A copy of said letter is attached hereto and incorporated herein by reference as Exhibit 3.

12. On or about August 9, 2012, Plaintiff received another letter from Defendant stating that Defendant would update Plaintiff's account with the credit bureaus if Plaintiff paid the alleged debt when in fact Defendant had never reported this account on Plaintiff's credit record. A copy of said letter is attached hereto and incorporated herein by reference as Exhibit 4.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Participating in collection activities and/or communications which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt and/or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g;

    b. Failing to cease collection activities prior to providing verification of the alleged debt, where Plaintiff notified Defendant in writing within the applicable period that the debt was disputed, in violation of 15 U.S.C. § 1692g;

    c. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to

    obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10); and

  d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, THOMAS SIMEK, respectfully prays for a judgment against Defendant as follows:

  a. Statutory damages of $1,000.00 for each violation of the FDCPA;

  b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

15. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

17. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(D), as Defendant is in the business of effecting or soliciting consumer transactions.

18. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

19. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

20. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

21. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, THOMAS SIMEK, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $200.00 for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (0071239)
David B. Levin (0059340)
Attorneys for Plaintiff
Luxenburg & Levin, LLC

                                        23875 Commerce Park, Suite 105
                                        Beachwood, OH 44122
                                        (888) 493-0770, ext. 301 (phone)
                                        (866) 551-7791 (facsimile)
                                        Mitch@LuxenburgLevin.com